IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| David Dewayne Powell, ) | |
| ) | CR No. 3:97-cr-544-001-MBS |
| Movant, ) | C/A No. 3:16-cv-1394-MBS |
| v. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

David Dewayne Powell ("Movant") is a federal inmate currently housed at FCI Petersburg Low in Hopewell, Virginia. On May 3, 2016, Movant, proceeding with counsel, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. ECF No. 172. This matter is before the court on a motion to dismiss filed by Respondent United States of America (the "government") on June 2, 2016. ECF No. 178. Movant filed a response to the government's motion on June 8, 2016. ECF No. 180.

I. FACTUAL AND PROCEDURAL HISTORY

On August 6, 1997, a federal grand jury returned an Indictment charging Movant with conspiracy to possess stolen firearms in violation of 18 U.S.C. § 922(j) (Count1); felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 2 (Count 2); possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 2 (Count 3); possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count 4); felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 2 (Count 5); possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 2 (Count 6); and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(i) and 2 (Count 7). Movant pleaded guilty pursuant to a plea agreement to

1

Count 5 on December 2, 1997, ECF No. 76. Movant's Presentence Investigation Report indicated that, among other items, Movant's criminal history included: a 1990 conviction for 9 counts of residential burglary in Columbia County, Georgia; a 1991 conviction for residential burglary in Richmond County, Georgia; and a 1991 conviction for burglary third in Edgefield County, South Carolina, which convictions made Movant an armed career criminal under the Armed Career Criminal Act of 1984 (ACCA). Movant's total offense level became 35 and his criminal history category was VI, which yielded a sentencing range of 292-365 months. ECF No. 86 at 12-15. On June 4, 1998, the Honorable Dennis W. Shedd sentenced Movant to a total of 365 months imprisonment, with 5 years of supervised release to follow. ECF No. 87. Movant filed a Notice of Appeal on June 9, 1998. ECF No.88. The Court of Appeals for the Fourth Circuit issued an opinion affirming the court's sentencing decision on January 19, 1999. ECF No. 142.

## II. DISCUSSION

Movant contends that his prior convictions for Georgia[1] burglary are no longer predicate offenses under the ACCA based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 172 at 2. Under the ACCA, as codified at 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[1] As noted, Movant's sentence was also enhanced based on a South Carolina burglary conviction. The government concedes that Movant's South Carolina conviction does not qualify as a violent felony under the ACCA. The court's analysis will focus on Movant's Georgia convictions. See ECF No. 176 at 7; ECF No. 180 at 1.

>   (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Johnson, the Supreme Court determined that the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause, is unconstitutionally vague.[2] Therefore, the court must determine whether Movant's Georgia burglary convictions fall within one of the ACCA's enumerated predicate offenses – the enumerated predicate offense in this case being burglary. In order to determine whether the Georgia burglary statute qualifies as a predicate offense under the ACCA, the court must select from two distinct analytical approaches, the modified categorical approach and the categorical approach. To make this selection, the court must determine whether the Georgia burglary statute in effect at the time of Movant's conviction contains "'multiple alternative *elements* (thus creating multiple versions of a crime)' such that it is divisible or 'multiple alternative *means* (of committing the same crime)' such that it is indivisible." United States v. Cornette, No. 18-6041, 2019 WL 3417272, at *5 (4th Cir. July 30, 2019)(quoting Omargharib v. Holder, 775 F.3d 192, 198 (4th Cir. 2014)). If the statute is divisible, the court will use the modified categorical approach "only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." Descamps v. United States, 570 U.S. 254, 278 (2013). If the statute is not divisible, the court will instead employ the categorical approach, which restricts the court's "analysis to the facts of the conviction itself, taking no account of the actual conduct on which the conviction is based." United States v. Hemingway, 734 F.3d 323, 331 (4th Cir. 2013). In

---

[2] The Supreme Court made Johnson retroactive on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016).

3

other words, if the statute in question is not divisible, the court's analysis will focus on the statute as a whole.

The statute under which Movant was convicted [3] provided:

> [a]person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another.

O.C.G.A. § 16-7-1.

In Cornette, the Court of Appeals for the Fourth Circuit held that the elements of the Georgia burglary statute are not divisible.[4] The Fourth Circuit distinguished between location of a burglary and type of burglary, stating:

> [B]oth the text of the Georgia burglary statute in effect at the time of Cornette's conviction and controlling state law indicate that burglary is a single, indivisible crime: the statutory text contains only alternative means of committing burglary and state court precedent indicates that there is no requirement that a jury must unanimously agree on the type of location that is burgled.

Id. at *7. The Fourth Circuit determined that the locational elements did not make up additional elements of a statute that a prosecutor would have to prove in order to sustain a conviction. Rather, the Fourth Circuit held that such locational elements merely provide detail about the location of the offense committed, or "alternate means" of committing the same crime. Id. at *6.

---

[3] Movant pleaded guilty to the 1980 version of O.C.G.A. § 16-7-1. The current version of the Georgia burglary statute contains nearly identical language to the 1980 version of the statute.

[4] In United States v. Gundy, the Court of Appeals for the Eleventh Circuit focused on the "alternative locational elements" contained within the Georgia burglary statute – specifically, a dwelling, a building, a vehicle, a railroad car, watercraft – and concluded that their presence made the statute divisible. 842 F.3d 1156, 1168 (11th Cir. 2016). In Richardson v. United States, the Court of Appeals for the Sixth Circuit held that "[e]ach indictment references only one of the several alternative locations listed in Georgia's burglary statute. This supports the government's argument . . . that the alternative locations are elements and the statute is divisible as to the locations that can be burglarized." 890 F.3d 616, 629 (6th Cir. 2018). However, the Fourth Circuit found these cases to be unpersuasive. Cornette, 2019 WL 3417272 at *7 n.2.

Applying the precedent of the Fourth Circuit, the court finds that the Georgia burglary statute is indivisible.

Now, using the categorical approach, the court looks simply at the offense to which Movant pleaded guilty. In Taylor v. United States, the Supreme Court held that only "generic burglary," which is defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime," is considered a predicate offense under the ACCA. 495 U.S. 575, 598 (1990). If the statute contains more elements than detailed in Taylor and therefore has a broader reach, then the statute cannot qualify as generic burglary under the ACCA. Taylor, 495 U.S. at 599.

In United States v. Stitt, the Supreme Court further held that statutes with vehicle components qualify as generic burglary statutes, provided that the vehicle component refers to vehicles used as residences. 139 S. Ct. 399, 407 (2018). As relevant to the within action, the Georgia Court of Appeals examined the vehicle component in O.C.G.A. § 16-7-1 and stated that the "clear intent of this statute is that for a person to be guilty of burglary of a vehicle such vehicle must be designed for use as a dwelling." Massey v. State, 234 S.E.2d 144, 145 (Ga. Ct. App. 1977). The Georgia burglary statute to which Movant pleaded guilty does not criminalize more conduct than detailed by the Supreme Court in Taylor and is consistent with the Supreme Court's holding in Stitt. Therefore, at the time of Movant's conviction, the Georgia burglary statute qualified as generic burglary under the ACCA. Movant's motion is without merit.

### III.    CONCLUSION

The government's motion to dismiss is granted. Movant's § 2255 motion is denied, without prejudice.

5

## IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
September 18, 2019